## (November 28, 1972)

■ COLEMAN W. GROSFLAM, Respondent, v. RAYMOND SENZER, Appellant.— Judgment, Supreme Court, Bronx County, entered on May 10, 1972, affirmed, without costs and without disbursements. We are all in accord as regards the disposition on the complaint. As to the counterclaim, on which there is a dissent, there was testimony, accepted by the trial court, that the weekly salary was payable only in the event the partnership earnings were sufficient to pay the same. As the partnership was never out of debt, the court concluded on sufficient evidence that the so-called salary never became payable. Concur — Markewich, J. P., Murphy, McNally and Steuer, JJ.; Kupferman, J., dissents in part in the following memorandum: With respect to the appellant's counterclaim for $2,180 held by the partnership, I would reverse and grant judgment on the counterclaim. When the partnership was formed, it was agreed that the defendant-appellant, in addition to his partnership interest, would receive $30 a week to compensate him for his loss of earnings when he changed his regular full-time employment to one with more flexible hours in order to be more available for the partnership bookkeeping activities. The amount involved derived wholly from this source, and according to the plaintiff, it was held by the partnership "As a loan payable on the books." The plaintiff contended that this amount was supposed to be the defendant-appellant's "capital account" for the time when he became a certified public accountant and a new partnership would be organized. The appellant included this money in his income return for tax purposes, and, as both partners were knowledgeable in accounting, it does not seem reasonable that this would have been done unless it was understood that the money belonged to the appellant and was merely being held for a future purpose, which never materialized.